BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
LAURA E. DUFFY
United States Attorney
TOM STAHL
Assistant United States Attorney
Chief, Civil Division
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: (619) 557-7140
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
ERIC KAUFMAN-COHEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 36028
450 Golden Gate Avenue, Room 7-5395
San Francisco, California 94102-3463
Telephone: (415) 436-6645; (415) 436-6647
Facsimile: (415) 436-6632
E-mail: mike.underhill@usdoj.gov
          eric.kaufman-cohen@usdoj.gov

Attorneys for Petitioner United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re the Complaint and Petition of the United States of America in a Cause for Exoneration from or Limitation of Liability with Respect to DHS-CBP Vessel M382901 (M901) Re the Collision with an Unnamed Panga Smuggling Vessel on or About June 18, 2015. | Case No.: **'15CV2626 AJB  NLS**<br><br>IN ADMIRALTY<br><br>COMPLAINT OF THE UNITED STATES IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY |

The verified complaint of the United States of America, as owner of the public vessel DHS-CPB M382901 (M901) (hereinafter "the M901") in an action for exoneration from or limitation of liability, civil and maritime, alleges, on information and belief, as follows:

1.  This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and the complaint herein sets forth an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.  Plaintiff is the United States of America, a sovereign nation, which was at all material times the owner and operator of the M901, and may bring this action pursuant to the original jurisdiction conferred upon this Court by 28 U.S.C. § 1345.

3.  At all times material to this action, the M901 was and is a 38 foot SAFE boat built by SAFE Boats International, LLC, Bremerton, Washington, and was and remains a public vessel of the United States within the meaning of the Public Vessels Act, 46 U.S.C. §§ 31101, *et seq*., and was owned and operated on behalf of the United States by and through the Department of Homeland Security ("DHS"), Customs and Border Protection ("CBP").

4.  At all times material to this action, the M901 was operated by employees of CBP, who at all times were lawfully acting within the scope of their

employment and, further, were and are subject to the provisions of section 30904 of the Suits in Admiralty Act, 46 U.S.C. §§ 30901, *et seq*., the consistent provisions of which are incorporated in the Public Vessels Act pursuant to 46 U.S.C. § 31103.

5. At all times material to this action, the M901 was operating within the jurisdiction of the United States and on navigable waters of the United States.

6. The M901 is currently, and will remain during the pendency of this action, within the jurisdiction of this Honorable Court.

7. On or about the evening of June 17, 2015, a "Panga" type vessel with multiple persons aboard was observed by aircraft off the coast of Baja California, Republic of Mexico. The Panga was underway on a northerly heading and making way in the direction of the United States.

8. On or about the early morning of June 18, 2015, the Panga was observed by aircraft as having entered the territorial sea and jurisdiction of the United States.

9. Intercept vectors were passed by aircraft to M901, which intercepted the Panga in the territorial sea and jurisdiction of the United States in the morning hours of June 18, 2015.

10. The Panga was estimated at approximately 30 feet in length and had twenty persons aboard.

11. The twenty persons aboard the Panga (hereafter the "Panga Smuggling Vessel") were foreign nationals/non-United States citizens who previously had departed a Mexican port aboard the Panga Smuggling Vessel with the express purpose and intent of entering the United States illegally and by stealth from the sea at some location north of San Diego, California, with the knowing and purposeful intent of violating the laws of the United States.

12. Title 19 of the United States Code, Section 1581(a), states as follows (italics added):

(a) Customs officers

Any officer of the customs may at any time go on board of any vessel or vehicle at any place in the United States or within the customs waters or, as he may be authorized, within a customs-enforcement area established under the Anti-Smuggling Act [19 U.S.C.A. 1701 et seq.], or at any other authorized place, without as well as within his district, and examine the manifest and other documents and papers and examine, inspect, and search the vessel or vehicle and every part thereof and any person, trunk, package, or cargo on board, *and to this end may hail and stop such vessel or vehicle, and use all necessary force to compel compliance.*

13. After securing visual contact with the Panga Smuggling Vessel, the crew of M901 identified themselves as law enforcement by way of (a) activating M901's installed blue law enforcement lights, (b) sounding its siren, (c) activating its spotlight, and (d) by verbally ordering – in Spanish and in English -- the Panga Smuggling Vessel to stop.

14. Title 19 of the United States Code, Section 1581(d), states in relevant part as follows (italics added):

> Any vessel or vehicle which, at any authorized place, is directed to come to a stop by any officer of the customs, or is directed to come to a stop by signal made by any vessel employed in the service of the customs and displaying proper insignia, shall come to a stop, and upon failure to comply a vessel or vehicle so directed to come to a stop *shall become subject to pursuit.* …

15. Title 18 of the United States Code, Section 2237(a), states in relevant part as follows (italics added):

> (a)(1) It shall be unlawful for the master, operator, or person in charge of a vessel of the United States, or a vessel subject to the jurisdiction of the United States, to knowingly fail to obey an order by an authorized Federal law enforcement officer to heave to that vessel.
>
> (2) It shall be unlawful for any person on board a vessel of the United

States, or a vessel subject to the jurisdiction of the United States, to--

(A) forcibly resist, oppose, prevent, impede, intimidate, or interfere with a boarding or other law enforcement action authorized by any Federal law or to resist a lawful arrest; ...

16.   The Panga Smuggling Vessel and those aboard her failed to comply with the foregoing lawful commands, instructions, and statutory requirements.

17.   To the contrary, instead of heaving to and complying with the foregoing lawful commands, instructions, and statutory requirements, the Panga Smuggling Vessel and those aboard her accelerated and maneuvered in a series of evasive and dangerous turns.

18.   As part of the efforts to enforce United States law, the crew of M901 placed two marine warning shots/flares across the bow of the Panga Smuggling Vessel, yet the latter vessel and those aboard her still failed to heave to and, instead, continued their evasive and dangerous maneuvers and refusals to comply with lawful commands.

19.   As a part of continuing efforts by the crew of M901 to enforce United States law, and following the continued refusal to heave to and continued evasive and dangerous maneuvers by the Panga Smuggling Vessel and those aboard her, the crew of M901, in accordance with lawful United States policy and after securing proper position relative to the Panga Smuggling Vessel, attempted to

disable the latter vessel by firing frangible copper safety slugs into the vessel's engine.

20. The attempts to disable the Panga Smuggling Vessel's engine were unsuccessful. Despite all the foregoing efforts of M901 and her crew to secure compliance with United States law, the Panga Smuggling Vessel and those aboard her nevertheless continued in their refusal to heave to and instead continued their evasive and dangerous maneuvers and violations of United States law.

21. As a direct and proximate result of the foregoing illegal actions of the Panga Smuggling Vessel and those aboard her to heave to and cease their illegal, dangerous, and evasive actions, the latter vessel struck M901 on her starboard side.

22. Following the foregoing actions of the Panga Smuggling Vessel and those aboard her, the said vessel sank. Nineteen of the twenty persons aboard the Panga Smuggling Vessel were rescued by the crew of M901. Attempts to revive the remaining person were unsuccessful.

23. The foregoing actions of the Panga Smuggling Vessel and those aboard her, including the sinking of said vessel and the death of the person aboard the vessel, occurred within the territorial sea and jurisdiction of the United States, and on navigable waters of the United State more than one marine league from shore.

24. The aforesaid death and alleged injuries, and any and all damages, losses and/or injuries resulting or otherwise arising from the collision of the vessels, were not caused or contributed to in any manner by any fault, negligence, or other wrongful act on the part of the M901 or its owner, the United States of America, its agencies, officers, crew, agents, servants, employees, or anyone for whom the United States was or may be responsible.

25. The aforesaid death and alleged injuries, and any and all damages, losses and/or injuries resulting or otherwise arising from the collision of the vessels, were the direct, proximate, and foreseeable result of the actionable fault, negligence, gross negligence, willful misconduct, and illegal actions and purposeful violations of United States law by the Panga Smuggling Vessel and each of those aboard her.

26. The aforesaid collision and any and all deaths, damages, losses and/or injuries resulting or otherwise arising therefrom, were occasioned or incurred without the privity or knowledge of the United States of America, or anyone whose privity or knowledge is imputable to the United States.

27. As a result of the incident described above, the M901 sustained relatively minor damage, the amount of which presently is not ascertained. The voyage of M901 relevant to this action concluded on or about June 18, 2015, at

San Diego, California, and the vessel has remained ashore in San Diego since the conclusion of the voyage.

28.  The value of the M901 at the conclusion of the said voyage did not exceed $400,000 and, as a public vessel, no freight was then pending.  The exact present value of the vessel, which has been used exclusively for public purposes since it was purchased for use by the Department of Homeland Security, Customs and Border Protection, is not presently ascertainable with complete accuracy, and the United States thus reserves the right to amend this complaint, as necessary, to state the value of its interests more exactly and herewith also prays for a due appraisement of the value of the as aforesaid by the Court upon reasonable notice to all claimants who may hereafter file claims in these proceedings and with adequate opportunity for the said claimants and for plaintiff United States to present evidence and to be heard.

29.  As a public vessel of the United States there are no liens upon the M901.

30.  To the United States' knowledge, no suits have been asserted against the United States arising from the above described incident, nor have any suits been commenced against the United States for any damages, losses and/or injuries resulting or otherwise arising from the subject incident.  However, to date, two lawsuits have been commenced in this Court against individual crewmembers of

the M901, *The Estate of Graciela Lopez Franco, et al. v. Christopher Hunter, et al.* Case No. 15CV1857-JM-RBB, and *Diego Hernandez-Infante v. Christopher Hunter, et al.,* Case No. 15CV1986-JM-RBB. The United States believes that other and further claims may be made and suits brought against the United States thereon for damages, losses and/or injuries resulting or arising from the aforesaid events, in amounts which are not presently known.

31. On information and belief, the total amount of the unascertained claims hereinabove described, together with the claims which the United States expects may hereinafter be asserted against it could exceed the value of the M901, any and all alleged liability and damages with respect to such claims being expressly denied herein.

32. Plaintiff, United States of America, as owner and operator of the M901, hereby claims exemption and exoneration from liability for any and all losses, damages and/or injuries of any kind occasioned or incurred by or resulting from the subject incident hereinabove described or otherwise arising therefrom and from any and all suits or claims which have been or may hereafter be made against it, and the United States alleges it has valid defenses thereto in both fact and law.

33. Plaintiff, United States of America, further claims the benefits of limitation of liability provided by the Limitation of Liability Act, 46 U.S.C. §§ 30505, *et seq*. (formerly 46 U.S.C. §§ 183-189, inclusive), and the Public Vessels

Act, 46 U.S.C. § 31106, and to that end the United States is willing to proceed according to law pursuant to the Federal Rules of Civil Procedure, as made applicable to admiralty and maritime cases.

34. By reason of 28 U.S.C. § 2408, plaintiff, United States of America, is not required to give security for damages or costs herein, but is thereby exempted from furnishing bonds or stipulations for value or any other security in these proceedings, as otherwise provided by the aforesaid provisions of 46 U.S.C. §§ 30505, *et seq.*, and the Federal Rules of Civil Procedure as made applicable to admiralty and maritime cases.

35. This complaint is filed within six (6) months of the subject incident hereinabove described, and thus no written notice of claim related thereto could have been given to the United States more than six (6) months before the filing of this complaint.

WHEREFORE, plaintiff, United States of America, prays as follows:

1. That this Court cause due appraisement of the amount or value of the M901 at the time of the collision described herein;

2. That this Court enter an order directing the issuance of a monition against all persons, concerns, firms or other entities claiming losses, damages and/or injuries occasioned or incurred by or in any way resulting from the aforesaid incident or in any way consequent thereupon or otherwise arising

therefrom, or otherwise asserting any claim with respect to which plaintiff United States seeks exoneration from or limitation of liability herein, admonishing them to appear and file their respective claims with the Clerk of this Court and to serve on or mail copies thereof to the attorneys for the United States named herein, on or before the date specified in said monition, and to make due proof of their respective claims, and further to file their respective answers, if any, to the allegations of this complaint on or before the date to be specified in said monition, all as provided by law and by the Federal Rules of Civil Procedure, as made applicable to admiralty and maritime cases;

    3.    That notice of said monition, in the form and manner prescribed by Supplemental Rule F of the Federal Rules of Civil Procedure, as made applicable to admiralty and maritime cases, be published in such newspaper or newspapers as this Court may direct, or as may otherwise be specified by Rule of this Court, for legal publication once a week for at least four consecutive weeks prior to the date specified in the said monition for the filing of claims herein;

    4.    That this Court issue its injunction restraining the further prosecution of any and all suits, actions or proceedings which may already have been commenced against the United States of America in any court whatsoever to recover damages or seek other relief for any and all losses, damages and/or injuries occasioned or incurred by or in any way resulting from the aforesaid incident or in

any way consequent thereupon or otherwise arising therefrom, and restraining the commencement or prosecution thereafter of any suit, action or proceeding of any nature or description except in the present proceeding, as against the United States of America, its officers, crew, agents, agencies, servants, employees, or others for whom it was or is responsible, in respect of any claim or claims arising out of the aforesaid casualty, or in any way resulting therefrom or consequent thereupon, or otherwise arising therefrom or which is otherwise subject to limitation in this proceeding;

    5.    That this Court in this proceeding will adjudge that plaintiff, United States of America, is not liable to any extent or in any manner whatsoever for any losses, damages or injuries or for any claim or claims arising out of or resulting from or consequent upon the aforesaid incident or otherwise arising therefrom, or if the United States shall be adjudged liable in any such respect, then that its liability be limited to the amount or value of its interests in the said vessel at the time of the incident, and that any monies decreed to be paid be divided pro rata among such claimants as may duly prove their claims in such manner as may be determined by this Court, saving to all parties any priorities to which they may be legally entitled, and that a decree may thereupon be entered discharging the United States from all and further liability; and

6. That plaintiff, United States of America, may have such other and further relief as may seem just and proper to this Honorable Court.

Dated: November 23, 2015       BENJAMIN C. MIZER
                               Principal Deputy Assistant Attorney General
                               LAURA E. DUFFY
                               United States Attorney
                               TOM STAHL
                               Assistant United States Attorney
                               Chief, Civil Division

                               s/ R. Michael Underhill_____
                               R. MICHAEL UNDERHILL
                               Attorney in Charge, West Coast Office
                               Torts Branch, Civil Division
                               U.S. Department of Justice
                               ERIC KAUFMAN-COHEN
                               Trial Attorney
                               Torts Branch, Civil Division
                               U.S. Department of Justice

                               Attorneys for Petitioner
                               United States of America

## VERIFICATION

I, R. Michael Underhill, say:

I am the Attorney in Charge of the West Coast Office, Torts Branch, Civil Division, U.S. Department of Justice, and am one of the attorneys for plaintiff and petitioner United States of America herein, and make this verification by authority for and on its behalf.  I have read the foregoing Complaint for Exoneration from or Limitation of Liability, know the contents thereof and from information officially furnished to me believe the same to be true.

I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: November 23, 2015        /s/ R. Michael Underhill
                                R. MICHAEL UNDERHILL