1
2
3
4
5
6
7
8

### UNITED STATES DISTRICT COURT

9

### SOUTHERN DISTRICT OF CALIFORNIA

10

In re Complaint and Petition of the
United States of America in a Cause
for Exoneration from or Limitation of
Liability with Respect to DHS-CBP
Vessel M382901 (M901) Re the
Collision with an Unnamed Panga
Smuggling Vessel on or about June
18, 2015.

CASE NO. 15cv2626 JM(NLS)

ORDER DENYING MOTION TO
DISMISS

11
12
13
14
15
16

        Hector Lopez-Garcia and Luis Lopez-Garcia ("Claimants") move to dismiss the

17  Complaint in this Exoneration From or Limitation of Liability Admiralty Action.

18  Plaintiff the United States of America opposes the motion.  Claimants did not file a

19  reply to the opposition filed by the United States.  While additional claimants Diego

20  Hernandez-Infante and Graciela Lopez Franco filed answers to the Complaint, (ECF

21  10, 12), they did not respond to the motion to dismiss.  Pursuant to Local Rule

22  7.1(d)(1), the court finds the matters presented appropriate for resolution without oral

23  argument.  For the reasons set forth below, the court denies the motion.

24

### BACKGROUND

25        On November 23, 2015, the United States commenced this admiralty action for

26  exoneration from or limitation of liability.  The United States is the owner of a 38 foot

27
28  SAFE boat built by SAFE Boats International, LLC and identified as public vessel

1  "M901."  At the time of the incident at issue, the M901 was operated by the U. S.
2  Customs and Border Protection ("CBP").

3       On June 17, 2015, a "Panga" type vessel with multiple persons on board was
4  observed by aircraft off the coast of Baja California, Republic of Mexico.  On June 18,
5  2015, the Panga entered United States territorial waters and, in the early morning hours,
6  the M901 approached the vessel.  (Compl. ¶¶7-9).  The Panga, 30 feet in length,
7  transported 20 foreign nationals without legal status to enter the United States.  The
8  vessel allegedly enter the United States with the express purpose and intent of entering
9  the United States illegally and by stealth.  (Compl. ¶11).

10       Once the CBP Agents on board the M901 obtained visual contact of the
11  smuggling vessel, the crew activated the blue law enforcement lights, sounded the
12  siren, activated the spotlight, and verbally ordered the Panga to stop, in both Spanish
13  and English.  Instead of stopping, the Panga accelerated and allegedly engaged in
14  evasive and dangerous turns.  The crew on the M901 fired flares into the air and
15  attempted to disable the Panga's engines.  The Panga did not stop and struck the right
16  side of the M901.  The Panga sank and CBP Agents rescued 19 of the 20 occupants of
17  the Panga.  One of the illegal immigrants died and several were injured.

18       The United States represents that it has not been named as a party to any lawsuit
19  resulting from the incident.  However, three separate <u>Bivens</u> actions related to the
20  incident have been filed against individual crew members of the M901:  <u>Estate of</u>
21  <u>Graciela Lopez Franco, et al. v. Hunter, et al.</u>, Case No. 15cv1857 JM(RBB),
22  <u>Hernandez-Infante v. Hunter, et al.</u>, Case No. 15cv1986 JM(RBB), and <u>Hector Manuel</u>
23  <u>Lopez Garcia, et al. v. Hunter, et al.</u>, Case No. 15cv2846 JM(RBB).  In the event the
24  United States is adjudged liable with respect to any claim filed against it, Plaintiff seeks
25  to limit its liability to the value of the M901, an amount that does not exceed $400,000.

26       On December 3, 2015, the court granted the Government's motion for Notice and
27  Publication pursuant to the Supplemental Rules for Certain Admiralty and Maritime
28  Claims.  In response to the notice, claimants in all three <u>Bivens</u> actions filed answers

to the Complaint.

Claimants now move to dismiss the action for lack of admiralty subject matter jurisdiction.

## DISCUSSION

**Legal Standards**

At the outset, the court notes that Claimants do not identify the procedural mechanism for bringing the present motion.   The court notes that whether Claimants seek dismissal under either Federal Rule of Civil Procedure 12(b)(1) (dismissal for lack of subject matter jurisdiction) or Rule 12(b)(6) (dismissal for failure to state a claim), the present motion is not well-founded.

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678.  Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  The defect must appear on the face of the complaint itself.  Thus, courts may not consider extraneous material in testing its legal adequacy.  Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555

n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Motion**

Claimants contend that the only remedy for their injuries is an in personam Bivens action against the crew members of the M901, and not an admiralty action because neither the Public Vessels Act, 76 U.S.C. §31101 et seq. ("PVA"), nor the Suits in Admiralty Act, 46 U.S.C. §30901 et seq. ("SIAA"), provides a remedy. In other words, Claimants conclude that their motion to dismiss must be granted because Claimants "cannot sue the United States Government or the Agents in Admiralty[.] Claimants' only remedy lies in Federal Court, in personam, under diversity jurisdiction." (Motion at p.5:25-28). This argument is not persuasive.

Notably, Claimants' contention that the court lacks admiralty jurisdiction is simply not correct. Federal courts have admiralty jurisdiction over tort claims where the tort occurred on navigable waters and there is a nexus or significant relationship to traditional maritime activity. See Executive Jet Aviation, Inc. v. City of Cleveland, 409 U.S. 249, 268 (1972); Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527 (1995). Here, there is no doubt that the Pacific Ocean is a navigable water and that transporting passengers over the ocean shows a substantial relationship to traditional maritime activity. Furthermore, the collision at issue presents a potential disruptive impact on maritime commerce. See Foremost Ins. Co. v. Richardson, 457 U.S. 688, 675 (1982) ("collision between two pleasure boats on navigable waters has

1  a significant relationship with maritime commerce").[1]

2       In sum, as the court indisputably possesses admiralty jurisdiction over the

3  underlying incident, the motion to dismiss for lack of admiralty jurisdiction is denied.

4       **IT IS SO ORDERED.**

5  DATED:  April 26, 2016

6

7                             Hon. Jeffrey T. Miller
                           United States District Judge

8  cc:        All parties

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

27       [1] While Claimants repeatedly and erroneously argue that the PVA and the SIAA
do not provide a remedy for their injuries, the court directs Claimants' attention to 46

28  U.S.C. §§31102(a), 31103, and 31106.

15cv2626