# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Complaint and Petition of the United States of America in a Cause for Exoneration from or Limitation of Liability with Respect to DHS-CBP Vessel M382901 (M901) Re: the Collision with an Unnamed Panga Smuggling Vessel on or about June 18, 2015. | CASE NO. 15cv2626 JM(NLS)<br><br>ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT |

The United States of America ("Government") moves for partial summary judgment on the scope of damages available for the claims asserted by "The Estate of Graciela Lopez Franco, by and through Guadalupe Valencia, personal representative, and Martin Franco Jiminez and Trinidad Lopez Hernandez." (The "Franco Claimants"). The Franco Claimants oppose the motion on the ground that the Government fails to submit sufficient admissible evidence to show that the incident occurred outside the three nautical mile jurisdictional limit of the Death on the High Seas Act ("DOHSA"), 46 U.S.C. §30301, et seq. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court grants the motion for partial summary judgment

## BACKGROUND

On November 23, 2015, the Government commenced this admiralty action for

exoneration from or limitation of liability. The United States is the owner of a 38 foot SAFE boat built by SAFE Boats International, LLC and identified as public vessel "M901." At the time of the incident at issue, the M901 was operated by the U. S. Customs and Border Protection ("CBP").

On June 17, 2015, a "Panga" type vessel with multiple persons on board was observed by aircraft off the coast of Baja California, Republic of Mexico. On June 18, 2015, the Panga entered United States territorial waters and, in the early morning hours, the M901 approached the vessel. (Compl. ¶¶7-9). The Panga, 30 feet in length, transported 20 foreign nationals without legal status to enter the United States. The vessel allegedly entered the United States with the express purpose and intent of entering the United States illegally and by stealth. (Compl. ¶11).

Once the CBP Agents on board the M901 obtained visual contact of the smuggling vessel, the crew activated the blue law enforcement lights, sounded the siren, activated the spotlight, and verbally ordered the Panga to stop, in both Spanish and English. Instead of stopping, the Panga accelerated and allegedly engaged in evasive and dangerous turns. The crew on the M901 fired flares into the air and attempted to disable the Panga's engines. The Panga did not stop and struck the right side of the M901. The Panga sank and CBP Agents rescued 19 of the 20 occupants of the Panga. One of the passengers, Graciela Lopez Franco, died and several others were injured.

On December 9, 2015, the court granted the Government's motion for Notice and Publication pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims. In response to the notice, two individuals (Hector Manuel Lopez Garcia and Luis Fernando Lopez Garcia) filed claims for personal injury as did the Franco Claimants. The motion for partial summary judgment is directed at the Franco Claimants only.

In their amended answer, the Franco Claimants, parents of the decedent, allege that the decedent was unmarried, had no children, and died intestate. The amended

answer also acknowledges that the incident at issue is subject to the provisions of the Suits in Admiralty Act ("SAA"), 46 U.S.C. §30901, et seq. and DOHSA. (Ct. Dkt. 30). The Franco Claimants seek to recover "all legally cognizable damages to which the law entitles them." The present motion seeks to limit recoverable damages to those damages available under DOHSA.

## DISCUSSION

**Legal Standards**

A motion for summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Prison Legal News v. Lehman, 397 F.3d 692, 698 (9th Cir. 2005). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the file which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). There is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." Id. (emphasis in original). The opposing party cannot rest on the mere allegations or denials of a pleading, but must "go beyond the pleadings and by [the party's] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (citation omitted). The opposing party also may not rely solely on conclusory allegations unsupported by factual data. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The court must examine the evidence in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Any doubt as to the existence of any issue of material fact requires denial of the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). On a motion for summary judgment, when "'the moving party bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence were

uncontroverted at trial.'" Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992) (emphasis in original) (quoting International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264-65 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992)).

**The Motion**

The Government seeks to limit the Franco Claimants' damages to those damages specifically authorized under DOHSA. First, DOHSA permits a cause of action to be maintained by the personal representative of the decedent for "the exclusive benefit of the decedent's spouse, parent, child, or dependent relative." 46 U.S.C. § 30302. In other words, DOHSA does not provide for a survival action or a claim seeking damages on behalf of a decedent. See Jacobs v., Northern King Shipping Co., Ltd., 180 F.3d 713, 717 (5th Cir. 1999) (DOHSA "provides no survival action"). Second, DOHSA expressly limits recoverable damages to the "pecuniary loss sustained by the individuals for whose benefit the action is brought." 46 U.S.C. § 30303; Dooley v. Korean Airlines, 524 U.S. 116, 118 (1998).

The Franco Claimants do not dispute these two well-settled damages principles of DOHSA. Rather, they claim that the Government has failed to establish that DOHSA applies to the Franco Claimants because the Government fails to establish that the incident at issue occurred "beyond 3 nautical miles from the shore of the United States." 46 U.S.C. §30302. Under these circumstances, the Franco Claimants contend that state law applies to permit both a survival action and an award of non-economic damages. This contention is not persuasive.

The court concludes that there is no genuine issue of material fact that the incident occurred beyond the three-mile nautical limit required for the application of DOHSA. The declaration and deposition testimony of Christopher Hunter, the Vessel Commander of the M901, establish that the incident occurred about 8.9 nautical miles from the shore of the United States. (Hunter Decl. ¶¶5-10; Hunter Depo. at 108:17 - 110:20). Hunter declares that within moments of the incident he radioed the precise GPS coordinates: North 33.00 (latitude) by West 117.28 (longitude). (Hunter Decl.

¶7). These coordinates correspond to a point in the Pacific Ocean about 8.9 nautical miles off the coast of Encinitas, California. (Id. ¶9).

In sum, the court grants the Government's motion for partial summary judgment and limits the scope of recoverable damages to those recoverable under DOHSA.

**IT IS SO ORDERED.**

DATED: April 13, 2017

                                                              Hon. Jeffrey T. Miller
                                                              United States District Judge

cc:  All parties